**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**JESSICA FEINGOLD**
    **Plaintiff,**

                                **Case No:**

**vs.**

**GOLDFINGER**
**GENTLEMENT'S CLUB, LLC,**
    **Defendant.**

                                  /

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff JESSICA FEINGOLD ("Plaintiff"), files this Complaint against the Defendant GOLDFINGER GENTLEMEN'S CLUB, LLC, ("Defendant" or the "Club"), for unpaid wages and other relief under the Fair Labor Standards Act and the Florida Constitution, and alleges as follows:

## <u>INTRODUCTION</u>

1. This is an action by the Plaintiff against her previous employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Further, pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a).

3.　　Moreover, 29 C.F.R. Section 541.4 states: "Employers must comply ... with any Federal, State, or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act." 29 C.F.R. § 541.4.

4.　　Plaintiff outlines the estimate of damages for the minimum wage violations and misappropriation of tips:

**November 2020 – December 2020**

Full Minimum Wage:　　　　　　　　　$8.56 per hour

Weeks:　　　　　　　　　　　　　　8

Hours Worked:　　　　　　　　　　32 hours

Total minimum wages unpaid and liquidated damages for April 2021 – September 2021:

32 hours worked at $8.56 per hour difference = $273.92 x 2 = **$547.84**

**January 2021 – September 2021**

Full Minimum Wage:　　　　　　　　　$8.65 per hour

Weeks:　　　　　　　　　　　　　　35

Hours Worked:　　　　　　　　　　128 hours

Total minimum wages unpaid and liquidated damages for January 2021 – September 2021:

128 hours worked at $8.65 per hour difference = $1,107.20 x 2 = **$2,214.20**

**September 2021 – September 2022**

| | |
|---|---|
| Full Minimum Wage: | $10.00 per hour |
| Weeks: | 52 |
| Hours Worked: | 192 hours |

Total minimum wages unpaid and liquidated damages for September 2021 – September 2022:

192 hours worked at $10.00 per hour difference = $1,920.00 x 2 = **$3,840.00**

**September 2022 – September 2023**

| | |
|---|---|
| Full Minimum Wage: | $11.00 per hour |
| Weeks: | 52 |
| Hours Worked: | 192 hours |

Total minimum wages unpaid and liquidated damages for September 2022 – September 2023:

192 hours worked at $11.00 per hour difference = $2,112.00 x 2 = **$4,224.00**

**September 2023 – December 2023**

Full Minimum Wage:                    $12.00 per hour

Weeks:                                16

Hours Worked:                         64 hours

Total minimum wages unpaid and liquidated damages for September 2023 – December 2023:

64 hours worked at $12.00 per hour difference = $768.00 x 2 = **$1,536.00**

**Unlawful Tip Misappropriation:** $200 every shift to the tip pool.

Workdays:                    78 days (workdays from 2021-2022)

Repayment of Tips:

**Total unlawful tips and liquidated damages: $200.00x78 = $15,600.00 x 2 = $31,200.00**[1]

---

[1] At this time, Plaintiff has not been provided with the full pay and time records to better determine and calculate damages. Upon receipt of the pay records, Plaintiff will recalculate and amend the damage calculations.

## JURISDICTION

5.      This action arises under the Florida Constitution and the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant to 29 U.S.C. § 216 and Florida Constitution, Art. X, Sec. 24.

6.      Pursuant to Florida Statute 448.110(6), Plaintiff served a pre-suit demand letter on Defendant, and more than fifteen (15) days have expired since Defendant's receipt of the letter and Defendant did not meet Plaintiff's demand.

## VENUE

7.      Venue is proper because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

## PARTIES

8.      Plaintiff worked as an Entertainer for Defendant in Florida.

9.      Plaintiff began working with Defendant in November of 2020.

10.      Defendant is a company located in Sunrise, Florida.

## FLSA ENTERPRISE COVERAGE

11.      At all material times relevant to this action (2020-2023), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

12.     At all material times relevant to this action (2020-2023), Defendant made gross earnings of at least $500,000.00 annually.

13.     At all material times relevant to this action (2020-2023), Defendant accepted payments from customers based on credit cards issued by out of state banks.

14.     At all times relevant to this action (2020-2023), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff was required to unlawfully surrender tips to House Fees or to other non-tipped employees.

15.     Defendant controlled and/or was responsible for the work of Plaintiff.

## FACTUAL ALLEGATIONS

16.     Plaintiff worked as an Entertainer for Defendants from 2020 through 2023.

17.     Plaintiff was not paid an hourly wage throughout her employment with Defendant.

18.     Defendant is a business that provides adult entertainment for its consumers.

19.     Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance.

20.     Plaintiff received tips as a part of her compensation.

21. Defendant did not pay Plaintiff any wages in addition to her tips.

22. Further, Plaintiff was forced to "tip out" management from tips she received after each shift.

23. In addition, Defendant required Plaintiff to utilize her tips to pay the staff.

24. Specifically, Plaintiff was required to tip the music DJs as well as Defendant'ss security personnel.

25. As such, Plaintiff lost out on approximately $95 - $200 each shift.

26. Defendant operated and managed the Club and was involved in the day-to-day operation of the Club.

27. Defendant made the decision to classify Plaintiff as an independent contractor rather than an employee.

28. Defendant made the decision to require Plaintiff to pay certain fees and tip-outs each shift.

29. Defendant directly and indirectly controlled Plaintiff's work scheduled by requiring her to work a minimum number of shifts and hours per shift or pay a monetary penalty for failure to do so.

30. Defendant's managers directly and indirectly controlled the appearance and dress of the dancers.

31. Defendants and their managers had the authority to suspend and discipline dancers.

32. Defendants and their managers directly and indirectly supervised the dancers on a day-to-day basis.

33. Defendant made all advertising, marketing and promotional decisions regarding the Club and paid all costs associated with advertising, marketing, and promoting the Club.

34. Defendant maintained and enforced written and unwritten rules for conduct of dancers.

35. Defendant is responsible for day-to-day purchases of liquor for sale at the Club.

36. Defendant controlled and/or were responsible for the work of Plaintiff.

37. Defendant employed Plaintiff within the last five (5) years.

38. Plaintiff worked in the state of Florida without being paid at least the full minimum wage for all hours worked.

39. Plaintiff did a specific job, i.e., dance for and entertain guests, which was/is an integral part of the business of Defendant.

40. As a result of these common policies, Plaintiff is entitled to receive full minimum wage for each hour worked as repayment improperly unpaid/deducted from her wages.

41.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of the Defendant.

42.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the Florida Constitution was willful.

43.     During her employment, Plaintiff complained to Defendant regarding how she was paid.

44.     Defendant did not investigate Plaintiff's claims.

## COUNT I - VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SEC. 24

45.     Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1-44 as if fully incorporated herein.

46.     Florida law requires Defendant not to have Plaintiff participate in an improper tip pool, i.e. share tips with non-tipped employees.

47.     Florida law requires that the Defendant allows Plaintiff to keep all tips and gratuities received from customers.

48.     As set forth above, Defendant failed to pay Plaintiff at hourly rates in compliance with the Florida Minimum Wage requirements and instead required Plaintiff to pay non-tipped employees.

49.     Plaintiff is entitled to repayment of the tips she was forced to give to management, DJs, and security after each of her shifts.

50.     Defendant systematically and willfully forced Plaintiff to unlawfully surrender her tips to which she is entitled to under Florida law.

51.     Under Florida law, Plaintiff is entitled to injunctive relief, the recovery of all tips that were misappropriated, liquidated damages, costs, attorneys' fees, and to any other relief which the Arbitrator deems just and proper.

## COUNT II- VIOLATION OF THE FLSA (REIMBURSEMENT OF HOUSE FEES AND TIPS)

52.     Plaintiff reasserts the allegations set forth in Paragraphs 1-44 above and incorporate them by reference into this second Claim of Relief.

53.     Plaintiff is an employee covered by the FLSA and are entitled to the protections set forth in 29 U.S.C. § 201, *et seq.*

54.     Defendant violated the FLSA by requiring the Plaintiff to pay house fees and tip outs as a condition of employment.

55.     Defendant's requirement that Plaintiff pay fees and fines to the Club and its managers, security, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

56.     29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

57.     The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

58.     The house fees paid by the Plaintiff constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

59.     The tip-outs paid by the Plaintiff to security and the DJ constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

60.     Plaintiff is entitled to recover from Defendant as part of her wage loss, all fees, tip-outs and fines that she was required to pay in order to work at the Club.

61.     Defendant's policy of house fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

62.     Defendant is not entitled to a set off or tip credit for sums earned by the Plaintiff.

63.     Defendant's violation of the FLSA was willful.

64.     In other words, Defendants knew or showed reckless disregard for the fact that its "pay to work" policies violated the FLSA.

65.     Defendant violated the record keeping requirements of the FLSA.

66.    Defendant failed to act in good faith in implementing and enforcing their "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

67.    As a result of Defendant's willful actions that required Plaintiff to unlawfully surrender her tips as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, demands judgment against Defendant for all tips that were misappropriated, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief the Arbitrator deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants. Dated this 22nd day of May, 2026.

> Respectfully submitted,
> s/ Mert Atmaca
> Mert Atmaca, Esquire — LEAD COUNSEL
> FBN: 1029419
> Anthony Hall, Esquire
> FBN: 40924
> THE LEACH FIRM, P.A.
> 1560 N. Orange Ave., Suite 600
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
> Email: Matmaca@theleachfirm.com
> Email: Ahall@theleachfirm.com
> *Attorneys for Plaintiff*